FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 30, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SARAH S., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, <br> ACTING COMMISSIONER OF <br> SOCIAL SECURITY,[1] <br><br> Defendant. | No. 4:20-cv-05147-JAG <br><br><br> ORDER GRANTING <br> DEFENDANT'S MOTION <br> FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 18, 19. Attorney Kathryn Higgs represents Sarah S. (Plaintiff); Special Assistant United States Attorney Erin Highland represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on April 2, 2018, alleging disability since March 7, 2018, due to generalized anxiety disorder, bipolar disorder, ADHD, urticaria, mild intermittent asthma, dermatitis, allergic rhinitis, insomnia, and depression. Tr. 73-74. The applications were denied initially and upon reconsideration. Tr. 135-38, 145-50. Administrative Law Judge (ALJ) Stewart Stallings held a hearing on October 2, 2019, Tr. 36-72, and issued an unfavorable decision on November 7, 2019. Tr. 15-28. Plaintiff requested review by the Appeals Council and the Appeals Council denied the request for review on July 18, 2020. Tr. 1-5. The ALJ's November 2019 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on August 25, 2020. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1985 and was 32 years old as of her alleged onset date. Tr. 26. She has a high school education with some college courses. Tr. 41, 505. She has worked in retail, food service, and customer service, with jobs rarely lasting longer than six months to a year. Tr. 57-62, 505, 515. She reported she has always been fired from jobs because of her attitude or for not fitting in, and has consistently reported being unable to be around people. Tr. 504, 515, 533, 581, 979, 997. In addition to her mental health limitations, she has suffered from persistent dermatitis and hives, making her unable to wear closed shoes and necessitating loose-fitting clothing. Tr. 45, 514-15.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035,

1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

### SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work;

and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On November 7, 2019, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 18.

At step two, the ALJ determined Plaintiff had the following severe impairments: bipolar disorder; generalized anxiety disorder; attention deficit hyperactivity disorder; skin rash (idiopathic urticaria and dermatitis) primarily affecting the feet and ankles. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 18-20.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform light work, with additional limitations:

> The claimant can lift up to 20 pounds occasionally; lift and carry up to 10 pounds frequently; stand or walk for about 6 hours per 8-hour workday; sit for about 6 hours per 8-hour workday with normal breaks. She would need a sit/stand option, defined as change from a standing position to a sitting position, or vice-versa, every 30 minutes for about 5 minutes at the worker's discretion. The claimant can never climb ladders, ropes or scaffolds; and occasionally climb ramps and stairs. She must avoid all exposure to extreme heat, wetness or humidity, moving or dangerous machinery, and unprotected heights. She would need a low stress job, defined as no production pace or conveyer belt type-work, a predictable work setting with no more than occasional simple workplace changes, and no sales quota type-

work. Work that requires no more than brief and superficial interaction with the public and co-workers; and occasional interaction with supervisors. Further, the claimant would need work that does not require a dress code (i.e., the individual would be allowed to wear loose fitting clothing and/or open-type shoes to work).

Tr. 20-21.

At step four, the ALJ found Plaintiff was unable to perform her past relevant work as a customer complaint clerk, sales clerk, security guard, or material handler. Tr. 26.

At step five, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of performing jobs that existed in significant numbers in the national economy, including the jobs of general clerk, mail room clerk, and office helper. Tr. 26-27.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 27.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) conducting an inadequate analysis at step three; (2) improperly rejecting Plaintiff's subjective complaints; (3) improperly rejecting medical opinions; and (4) making job findings based on an RFC that did not account for all of Plaintiff's limitations.

ORDER GRANTING DEFENDANT'S MOTION . . . - 5

# DISCUSSION

**1.    Step Three**

Plaintiff argues the ALJ erred at step three by failing to find Plaintiff's conditions met or equaled Listing 8.05 for dermatitis. ECF No. 18 at 6-8.

At step three of the sequential evaluation process, the ALJ considers whether one or more of the claimant's impairments meets or equals an impairment listed in Appendix 1 to Subpart P of the regulations. 20 C.F.R. §§ 404.15920(a)(4)(iii), 416.920(a)(4)(iii). Each Listing sets forth the "symptoms, signs, and laboratory findings" which must be established for a claimant's impairment to meet the Listing. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). If a claimant's condition meets or equals a Listing, the claimant is considered disabled without further inquiry. 20 C.F.R. §§ 404.1520(d), 416.920(d).

Listing 8.05 requires a showing of dermatitis with "extensive skin lesions that persist for at least 3 months despite continuing treatment as prescribed." 20 C.F.R. Part 404, Subpart P, Appendix 1, § 8.05 ("Listing 8.05"). "Extensive skin lesions" are defined as

> those that involve multiple body sites or critical body areas, and result in a very serious limitation. Examples of extensive skin lesions that result in a very serious limitation include but are not limited to:
>
> a.    Skin lesions that interfere with the motion of your joints and that very seriously limit your use of more than one extremity; that is, two upper extremities, two lower extremities, or one upper and one lower extremity.
>
> b.    Skin lesions on the palms of both hands that very seriously limit your ability to do fine and gross motor movements.

    c. Skin lesions on the soles of both feet, the perineum, or both inguinal areas that very seriously limit your ability to ambulate.

20 C.F.R. Part 404, Subpart P, Appendix 1, § 8.00C.1.

  The ALJ found the medical evidence did not document listing-level severity and noted that no medical source had mentioned findings equivalent to the criteria of any listed impairment. Tr. 18.

  Plaintiff argues the ALJ's findings were not specific enough and asserts the records support a finding of listing-level dermatitis based on her severe hives and lesions on her ankles and feet, despite ongoing injections and medications. ECF No. 18 at 6-8. Defendant argues Plaintiff failed to show that her condition affects any motion of her joints or her ability to walk, and asserts that the records show her symptoms are controlled with injections and have not persisted for three months despite continued treatment. ECF No. 19 at 3-5. Defendant further asserts that the ALJ sufficiently discussed and evaluated the evidence throughout the decision and was not required to provide the entire analysis under the step three heading. *Id.* at 6.

  The Court finds the ALJ did not err. "An ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment. A boilerplate finding is insufficient to support a conclusion that a claimant's impairment" does not meet or equal a listed impairment. *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001). However, the ALJ is not required to state why a claimant's condition fails to satisfy every criteria of the listing if the ALJ adequately summarizes and evaluates the evidence. *See Gonzalez v. Sullivan*, 914 F.2d 1197, 1200-01 (9th Cir.1990); *Lewis*, 236 F.3d at 512. The ALJ reasonably discussed the medical evidence throughout the decision, including evidence that Plaintiff's skin condition occasionally flared up, but for the most part was controlled by Xolair injections. Tr. 22.

The burden of proof is on the claimant to establish her condition meets or equals any of the impairments in the Listings. See *Tackett*, 180 F.3d at 1098. Despite alleging in her Reply Brief that Listing 8.05 "does not call for or require functional limitations," (ECF No. 20 at 2), the definition of extensive skin lesions indicates that there must be a very serious limitation, such as in the inability to walk or use the hands. There is no indication in the record that Plaintiff experienced very serious physical limitations from her lesions for any extended period of time. Therefore, Plaintiff has not met the burden of proof to demonstrate that her condition meets or equals a listing.

**2.    Plaintiff's Subjective Statements**

Plaintiff alleges the ALJ improperly disregarded her subjective symptom reports. ECF No. 18 at 8-11.

It is the province of the ALJ to make determinations regarding a claimant's subjective complaints. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, he found

Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms to be not entirely consistent with the medical evidence and other evidence in the record. Tr. 21. The ALJ found Plaintiff's allegations were unsupported by evidence showing her skin condition was generally well controlled and her mental health improved with medication and counseling and was generally stable. Tr. 22-24.

Plaintiff argues the ALJ misinterpreted the records and asserts that her physical issues persisted despite treatment. ECF No. 18 at 9-10. She further asserts the ALJ's rationale did not indicate how Plaintiff's allegations were inconsistent with the records of her mental health treatment, noting her activities were limited and she was able to use coping skills and manage her anger largely due to the fact that she was not in a work environment. *Id.* at 10-11. Defendant argues the ALJ reasonably interpreted the record and largely accounted for Plaintiff's subjective complaints, given her testimony that she would be able to work as long as she could wear loose clothing and did not have to interact with others. ECF No. 19 at 7-13.

The Court finds no error. Evidence of medical treatment successfully relieving symptoms can undermine a claim of disability. *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017). An ALJ may consider the type and effectiveness of any medications or other treatments an individual has received for relief of pain or other symptoms. Social Security Ruling 16-3p. The ALJ reasonably interpreted the record as showing Plaintiff's skin condition to be largely controlled when she adhered to her Xolair regimen, as was noted by her treating allergist. Tr. 501, 644, 951-57. The ALJ also reasonably interpreted the mental health treatment records as showing largely normal mental status exams and Plaintiff's repeated reports that she was doing well, was managing her anger, and continued to look for work where she would not have to deal with people. Tr. 536,

539-41, 589-91, 995-97, 1000, 1003. The Court therefore finds the ALJ offered clear and convincing reasons for his assessment of Plaintiff's subjective reports.

### 3.  Medical Opinions

Plaintiff argues the ALJ erred in evaluating the medical opinion evidence. ECF No. 18 at 12-15, 17-18.[2]

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence. Revisions to Rules Regarding the Evaluation of Medical Evidence, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c. The new regulations provide the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including those from treating medical sources. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. §§ 404.1520c(c), 416.920c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). *Id.* The regulations make clear that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. §§ 404.1520c(b), 416.920c(b). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases

---

[2] Plaintiff discussed the ALJ's treatment of the state agency doctors' opinions in a subsequent section, but for clarity the Court will address that argument along with the rest of the medical evidence.

where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations:

(1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c), 416.920c(c).

### a.  **Dr. Philip Barnard**

Plaintiff attended a consultative psychological exam with Dr. Philip Barnard in March 2018. Tr. 504-08. Dr. Barnard diagnosed generalized anxiety disorder, bipolar disorder, and ADHD. Tr. 506. He opined Plaintiff was markedly limited in her ability to perform within a schedule, maintain regular attendance, be punctual, adapt to change, communicate and perform effectively, maintain appropriate behavior, and complete a regular workday or work week without interruptions from psychologically-based symptoms. *Id.*

The ALJ found this opinion was not persuasive, noting Dr. Barnard conducted only a cursory exam and offered little explanation for the assessed limitations. Tr. 25. The ALJ further found the marked limits were unsupported by the unremarkable exam findings, were internally inconsistent with Dr. Barnard's finding that Plaintiff's symptoms would only cause moderate limitations, and were

inconsistent with the longitudinal medical record showing unremarkable mental status findings and improvement with medication and therapy. *Id.*

Plaintiff argues the ALJ's discussion was flawed, as Dr. Barnard conducted more than a cursory exam and documented abnormal findings that supported the limitations. ECF No. 18 at 12-13. Plaintiff additionally asserts the opinion is consistent with the treatment records showing Plaintiff's ongoing depression, anxiety, self-harm, and anger issues. *Id.* at 13-14. Defendant argues the ALJ considered the factors of supportability and consistency and reasonably interpreted the records as unsupportive of the marked limits assessed by Dr. Barnard. ECF No. 19 at 16-17.

The Court finds the ALJ did not err. With respect to supportability, the ALJ reasonably considered the objective evidence and supporting explanations provided by Dr. Barnard. Dr. Barnard's opinion contains little explanation for the limitations assessed and the ALJ reasonably noted the largely normal mental status exam findings. Tr. 506-08. As discussed above, the ALJ's interpretation of the treatment records as showing mostly normal mental status findings, along with Plaintiff's reports of doing well, was supported by substantial evidence and the ALJ reasonably found the record to be inconsistent with the marked limitations assessed by Dr. Barnard. While Plaintiff offers an alternative interpretation of the record, "when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). The Court finds the ALJ did not err in his assessment of Dr. Barnard's opinion.

### b. Dr. Diana Cook

Plaintiff attended another consultative psychological exam in July 2018 with Dr. Diana Cook. Tr. 514-18. Dr. Cook noted diagnoses of bipolar disorder (per the claimant) and anxiety/depression, noting depression was well controlled by medication and generally concluding that Plaintiff's "psychological symptoms

seem to be quite treatable with moderate prognosis." Tr. 517. Dr. Cook opined Plaintiff would not have difficulty with most areas of work-related functioning, but stated that she would have difficulty interacting with coworkers and maintaining regular attendance. Tr. 518.

The ALJ found this opinion to be persuasive, noting it was supported by Plaintiff's statements during the interview and was consistent with the longitudinal medical record, but noting that the record did not demonstrate a deterioration in Plaintiff's mental functioning that would prevent her from maintaining regular work attendance if she was performing a low stress job. Tr. 25.

Plaintiff argues in her Motion for Summary Judgment that the opinion should not have been found as persuasive as the ALJ found it to be because of Plaintiff's testimony that she did not actually meet with Dr. Cook and instead met with an intern. ECF No. 18 at 14. In her reply brief she argues that the ALJ improperly failed to incorporate the opinion regarding Plaintiff's inability to maintain regular attendance. ECF No. 20 at 7. Defendant argues there is no evidence that Dr. Cook did not conduct the interview, and that it would not matter even if the exam had been performed by someone else. ECF No. 19 at 17-18. Defendant further asserts that there was no harm in the ALJ's exclusion of attendance problems from the RFC as Dr. Cook did not assess a concrete limitation, and ALJs are not required to accept vague opinions. *Id.* at 18.

The Court finds the ALJ did not err. While Plaintiff testified at the hearing that she did not meet with Dr. Cook and instead met with an intern,[3] the opinion is signed by Dr. Cook and contains no indication that someone else performed the exam. Tr. 518. It is therefore reasonable for the ALJ to have considered this to be Dr. Cook's opinion.

---

[3] Notably, Plaintiff stated that she met with "his intern" ("his" referring to Dr. Cook), when Dr. Cook is a woman. Tr. 56.

ORDER GRANTING DEFENDANT'S MOTION . . . - 13

Regarding the ALJ's exclusion of the statement that Plaintiff would have difficulty with maintaining regular attendance, the Court finds any error in the ALJ's analysis to be harmless, as Dr. Cook did not quantify the difficulty or assess any specific functional limitations. The revised rules for assessing medical opinions make clear that a medical opinion is a statement about what a claimant can still do despite their impairments and whether they have limitations or restrictions in their ability to perform work-related tasks. 20 C.F.R. § 404.1513(a)(2). The Court finds the ALJ did not harmfully err in finding this portion of Dr. Cook's report to not be persuasive.

### c.   State Agency Doctors

Plaintiff argues the ALJ erred in failing to account for various moderate limitations the state agency doctors noted in their initial and reconsideration decisions. ECF No. 18 at 17-18.

The Court finds no error. The forms completed by Dr. Covell and Dr. Robinson contained ratings in various categories, then requested the doctor "Explain in narrative form" the degree of specific capacities or limitations. Tr. 82-83, 113-14. These narrative portions specify the actual functional limitations the doctors found stemmed from the various moderate limitations assessed. The ALJ accounted for all concrete limitations offered.

### d.   Tri Cities Community Health

Plaintiff asserts the ALJ erred in failing to include a persuasion analysis of the mental health records from Tri Cities Community Health, despite the lengthy and involved treatment relationship. ECF No. 18 at 14. However, Plaintiff fails to identify any specific functional limitations set forth by the treating sources in these records, and indeed acknowledges that the records do not explicitly set out limitations. *Id.* Therefore, the ALJ was not required to offer any specific analysis of how persuasive he found these treatment records to be.

**4.    RFC and Step Five**

Plaintiff argues that the job findings are insufficient, as the RFC and the hypothetical posed to the vocational expert failed to account for all of Plaintiff's limitations. ECF No. 18 at 15-19. Plaintiff's argument is based on successfully showing that the ALJ erred in his treatment of the evidence. *Id*. Because the Court finds that the ALJ did not harmfully err, Plaintiff's argument is without merit.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error and is affirmed. Therefore, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 19**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 18**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED March 30, 2022.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE